UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID COES,<br><br>        *Plaintiff*,<br><br>    v.<br><br>COMMUNITY COLLEGE OF RHODE ISLAND, SUZANNE CARR, MADDIE JOSEPHS, PAULA CARDILLO, ROSEMARY COSTIGAN, TRACY KARASINSKI, and ROBERT CIPPOLA<br><br>        *Defendants*. | C.A. No. 1:24-cv-35-WES-LDA |

## DEFENDANTS' RULE 16 STATEMENT

Based upon Judge Smith's Memorandum and Order dated April 15, 2025, Plaintiff's remaining cause of action against the above-listed CCRI Defendants alleges a disputed procedural due process claim under 42 U.S.C. § 1983. In their Answer filed on April 29, 2025, the CCRI Defendants raised various affirmative defenses, including the proper application of CCRI's academic policies and procedures and the qualified immunity protections afforded to each individual defendant. ECF No. 21 at 19-20 (pleading eight affirmative defenses).

CCRI dismissed David Coes ("Coes") from its Diagnostic Medical Sonography Program ("Program") during the fall 2022 semester, after The Miriam Hospital ("Hospital"), a valued clinical affiliate of CCRI, abruptly terminated Coes from a required internship assignment in the Program's curriculum and trespassed him from all Lifespan properties for clinical purposes. The Hospital took this abrupt and serious action because, throughout his internship, Coes "repeatedly discussed his possession of weapons in great detail, in a manner intimidating to staff, including methods of avoiding detection." Obviously, a report of a student's touting of his possession of

weapons merits immediate and high attention from a college, particularly where the student made such comments and acted in a threatening manner within a hospital while representing CCRI. CCRI had to act promptly to address not only the potential threats posed within the clinical internship setting, but also within its campus community.

Contrary to Coes' contention, his high grade point average did not justify his continuation in the Program, where his satisfactory performance in clinical settings was a central academic component of the curriculum. Acting fully within its institutional rights and academic discretion, CCRI determined that Coes was professionally unfit to remain in the Program. CCRI properly applied its academic policies and procedures in its evaluation of whether Coes had met the Program's professionalism standards and was academically qualified to continue. This was not a matter that should have been resolved under CCRI's separate and distinct student conduct disciplinary process, as Coes wrongly contends.

Applying United States Supreme Court precedent, this Court should show deference to CCRI's academic determination. "Courts are particularly ill-equipped to evaluate academic performance," and "warn[ing] against any such judicial intrusion into academic decision making." *Board of Curators of the Univ. of Mo. v. Horowitz*, 435 U.S. 78, 92 (1978). *See also Haddad v. Bryant Univ.*, C.A. No. 18-314-JJM-PAS, 2019 WL 3084352 (D.R.I. July 15, 2019), at *4 ("[M]atters of academic judgment are generally better left to the educational institutions than to the judiciary and [courts] have accorded great deference where such matters are at issue.") (alterations in original) (quoting *Mangla v. Brown Univ.*, 135 F.3d 80, 84 (1st Cir. 1998)). CCRI acted justifiably and reasonably in concluding that Coes was professionally unfit to remain in the Program, while affording him with adequate notice and a sufficient opportunity to be heard consistent with its academic policies and procedures.

4883-0361-4647.1

Even if there were merit to Coes' claim that CCRI should have applied instead its student conduct disciplinary procedures (which there is not), the individual defendants have a qualified immunity defense. The facts do not show any violation of a constitutional right and any such constitutional right was not clearly established during the time period. CCRI's administrators acted reasonably in response to a highly serious matter that they considered in their professional judgment to be predominantly an academic concern, and there is no showing here that Coes was constitutionally entitled to have the matter determined under CCRI's student conduct disciplinary process.

There was no procedural due process violation by any CCRI Defendant. And, the evidence supports CCRI's justification for its academic removal of Coes from the Program based upon his unprofessionalism and inability to be able to complete its required clinical assignments going forward – either at a Lifespan facility (where the health care system had trespassed him from all of its properties for clinical purposes) or any other clinical affiliate of CCRI's Program.

        COMMUNITY COLLEGE OF RHODE ISLAND, SUZANNE CARR, MADDIE JOSEPHS, PAULA CARDILLO, ROSEMARY COSTIGAN, TRACY KARASINSKI, and ROBERT CIPOLLA

By Their Attorney,

*/s/ Steven M. Richard*
Steven M. Richard (#4403)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: 401-454-1020
Fax: 866-947-1332
srichard@nixonpeabody.com

Dated: June 10, 2025

## CERTIFICATE OF SERVICE

I certify that, on June 10, 2025, this memorandum was filed and served electronically through the Court's CM/ECF system. Additionally, a copy was served upon Plaintiff by an email addressed to davidvcoes@gmail.com.

/s/ Steven M. Richard